[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2007
THOMAS K. KAHN
CLERK

No. 07-11897
Non-Argument Calendar

_____

D. C. Docket No. 06-00061-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GOMEZ-CARRENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 29, 2007)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Gomez-Carreno appeals his 78-month concurrent sentences for

conspiracy to distribute, and possession with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846, and 18 U.S.C. § 2. Gomez-Carreno first argues that he was entitled to a minor role reduction in his total sentence under § 3B1.2(b) because he played only the minor role of driving the van with cocaine, and because his role was subordinate to other members of the conspiracy.  Second, he argues that the district court imposed a procedurally unreasonable sentence because (1) it improperly presumed that a sentence within the guidelines range was reasonable, which placed a burden on him to overcome that presumption, thereby rendering the guidelines mandatory, in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)[1], and (2) it failed to consider his cooperation with authorities regarding other participants in the drug conspiracy, a relevant factor in his sentencing.

We affirm.  First, the record demonstrates that the district court did not clearly err in denying Gomez-Carreno's request for a minor role reduction as Gomez-Carreno was not a minor participant in the drug transaction for which he was held responsible, and he was not substantially less culpable than the other participants in the transaction.

---

[1] Gomez-Carreno challenges only the procedural reasonableness of his total sentence, because he argues that the district court's sentencing procedure, in considering the § 3553(a) factors and his arguments, was unreasonable.  He never argues that his 78-month total sentence is substantively unreasonable, in light of all the relevant § 3553(a) factors.

Second, the record does not support Gomez-Carreno's argument that the district court presumed that a sentence within the guidelines range was reasonable. We are satisfied that the district court adequately considered the statutory sentencing factors and the record shows that the district court properly considered his argument regarding his cooperation with authorities. Gomez-Carreno fails to demonstrate that his sentence is procedurally unreasonable.

**AFFIRMED.**